[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11785
Non-Argument Calendar
_____

Agency No. A095-708-727

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2010
JOHN LEY
CLERK

ZI GUO ZHENG,
a.k.a Chung Sing Ip,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(December 15, 2010)

Before BARKETT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Zi Guo Zheng, a Chinese citizen and native, seeks review of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's denial of Zheng's request for asylum under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(a), and withholding of removal under the INA, 8 U.S.C. § 1231(b)(3), and the United Nations Convention Against Torture ("CAT"), 8 C.F.R. § 208.16(c). The IJ denied relief on the basis of an adverse credibility determination and lack of corroborating evidence. Zheng challenges the IJ's adverse credibility determination and findings that he is ineligible for asylum and withholding of removal. After thorough review, we deny the petition.

"We review only the [BIA]'s decision, except to the extent that [the BIA] expressly adopts the IJ's opinion" or reasoning. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the BIA adopts the IJ's reasoning, we review the IJ's decision as well." Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1230 (11th Cir. 2006). This Court reviews for substantial evidence the factual findings of the BIA or IJ. Id. at 1230–31. Factual findings, including credibility determinations, "can be reversed only if the evidence compels a reasonable fact finder to find otherwise." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005). This Court reviews de novo questions of law. Nreka v. U.S. Att'y Gen., 408 F.3d 1361, 1368 (11th Cir. 2005).

2

Zheng argues that he is eligible for asylum because he was detained and fined in China for violating family planning laws. He also argues that he is eligible because he fears future persecution based on this violation and on his unauthorized religious practices. "To be eligible for asylum, the applicant bears the burden of proving statutory refugee status." Chen, 463 F.3d at 1231 (quotation marks omitted); 8 U.S.C. § 1158(b)(1)(B)(i). "[T]he alien must, with specific and credible evidence, establish (1) past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion; or (2) well-founded fear of future persecution on account of a statutorily-protected ground." Chen, 463 F.3d at 1231; see also 8 C.F.R. § 208.13(b).

An IJ's denial of asylum can be supported solely by an adverse credibility determination. See Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). In the absence of corroborating evidence, the asylum applicant must satisfy the trier of fact that his testimony is credible and persuasive. 8 U.S.C. § 1158(b)(1)(B)(ii). "[The] trier of fact may base a credibility determination on the . . . inherent plausibility of the applicant's . . . account [or] the consistency between the applicant's . . . written and oral statements . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii). Our review of an IJ's credibility determination is "highly

deferential." Sepulveda, 401 F.3d at 1230. After the IJ provides "specific, cogent reasons for the finding," the burden shifts to the alien to prove that the decision is not supported by either specific, cogent reasons or substantial evidence. Chen, 463 F.3d at 1231.

Substantial evidence supports the IJ's determination that Zheng is ineligible for asylum. As the IJ concluded, inconsistencies in Zheng's story undermine his credibility. For instance, Zheng told the asylum officer that he had no relatives who were United States lawful permanent residents. Yet, a lawful permanent resident who claimed to be Zheng's sister submitted an affidavit in support of his asylum application. Additionally, Zheng's testimony as to when he and his girlfriend conceived a child was contradictory. The record is replete with other inconsistencies in Zheng's representations.

We also cannot say that the record compels a finding that Zheng was persecuted. Zheng alleged that the Chinese authorities detained him for two days and imposed a monetary fine when they learned that Zheng's girlfriend had given birth to his child. We have held that an isolated brief detention does not amount to persecution, even when coupled with minor physical abuse. See Kazemzadeh v. U.S. Att'y Gen., 577 F.3d 1341, 1353 (11th Cir. 2009) (finding no persecution where alien was arrested, interrogated and beaten for five hours, detained for four

4

days, and monitored post-release); Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1171–72, 1175 (11th Cir. 2008) (finding no persecution where alien was detained for thirty-six hours, kicked and beaten with a belt). Further, Zheng never alleged that he suffered from past persecution for his unauthorized religious practices.

Substantial evidence also supports the IJ's finding that Zheng did not establish a well-founded fear of future persecution. Zheng himself did not know many details about the Chinese authorities' knowledge of his unauthorized religious practices or whether they currently seek to punish him for his past religious activities. Although Zheng was briefly detained in China for violating the family planning laws, he had no evidence that the authorities planned to impose additional punishment for the same violation upon his return. Therefore, Zheng failed to prove that he is eligible for asylum.

## II.

Zheng next argues that the IJ erred in concluding that he is not entitled to withholding of removal under the INA or CAT. The INA prohibits removal to a particular country if "the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3). To be eligible for withholding of removal under the CAT, an alien must show that "it is

5

more likely than not that he or she would be tortured if removed to the proposed country of removal." Al Najjar, 257 F.3d at 1303 (quoting 8 C.F.R. § 208.16(c)(2) (2001)). The burden of proof for withholding of removal is higher than that for asylum claims. Id.

Substantial evidence supports the IJ's and BIA's determinations that Zheng is not entitled to withholding of removal. Zheng argues that the Chinese authorities have threatened to arrest or injure him upon his return for his past unauthorized religious practices. A mere threat without more, however, does not rise to the level of persecution. See, e.g., Sepulveda, 401 F.3d at 1231 (finding no persecution despite menacing phone calls and threats coupled with bombing at restaurant where alien worked).

Further, Zheng has failed to provide corroborating proof of a threat to his life or freedom based on his religious practices or violation of China's family planning laws. The relatively lax enforcement policy in the region of China where Zheng resides undermines his claim that his return would endanger him. For example, several reports the IJ reviewed reflect that this region punishes violators of China's family planning laws primarily through monetary fines. Moreover, Zheng's claim that he fears for his life or freedom is belied by the fact that he did not try to seek asylum in the three other countries he fled to before arriving in the

6

United States.  Nor did Zheng seek asylum in the United States until after he was questioned by the government for entering the country using a forged passport. Therefore, the IJ and BIA properly denied Zheng relief because he did not satisfy the more-likely-than-not standard for withholding of removal.

**PETITION DENIED.**